# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **JOSAIHAS APOLINAR MORALES and ALLA TERESHCHENKO,**<br><br>Plaintiff,<br><br>v.<br><br>**MARCO RUBIO, in his official capacity as U.S. Secretary of State, and ROBERT JACHIM, in his official capacity as Acting Director of Screening, Analysis and Coordination**,<br><br>Defendant. | Case No.: 25-CV-0642-BEN-MSB<br><br>**GRANTING DEFENDANTS' MOTION TO DISMISS** |

Plaintiffs, U.S. citizen Josaihas Apolinar Morales and Russian visa applicant Alla Tereshchenko, seek this Court to review an agency's denial of Tereshchenko's Form I-129F fiancé(e) visa petition on January 25, 2023, with a final decision entered on June 3, 2025.

## LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) provides that a complaint may be dismissed for failure to state a claim upon which relief can be granted. A Rule 12(b)(6) motion to dismiss tests the sufficiency of the complaint. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The court accepts material factual allegations as true and draws

-1-

reasonable inferences in plaintiff's favor.  *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 338 (9th Cir. 1996).  The court must "examine whether conclusory allegations follow from the description of facts as alleged by the plaintiff." *Holden v. Hagopian*, 978 F.2d 115, 1121 (9th Cir. 1992).  Dismissal is warranted when the complaint lacks "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

## DISCUSSION

Following the denial of the visa petition, Plaintiffs invoke the Mandamus Act to compel the agency to take action.  The Mandamus Act confers jurisdiction over "any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff."  28 U.S.C § 1361.  However, mandamus relief requires an unperformed ministerial duty, not review of completed discretionary actions.

Congress explicitly precludes judicial review of visa denials.  *See* 6 U.S.C. § 236(f) ("Nothing in this section shall be construed to create or authorize a private right of action to challenge a decision of a consular officer or other United States official or employee to grant or deny a visa.")  The House Committee report confirms this intent: "our amendment will ensure that denials of visa petitions in our overseas posts will continue to be non-reviewable."  Homeland Security Act of 2002: *Hearing and Markup on H.R. 5005 Before the House Comm. on International Relations*, 107th Cong., 2d Sess. 89 (2002). [1]

Here, the agency completed its adjudication when it denied Plaintiff's petition on

---

[1] *Trump v. Hawaii*, 585 U.S. 667, 702 (2018) (quoting *Fiallo v. Bell*, 420 U.S 787, 792 (1977) ("For more than a century, this Court has recognized that the admission and exclusion of foreign nationals is a 'fundamental sovereign attribute exercised by the Government's political departments largely immune from judicial control.'"));  *Department of State v. Munoz*, 602 U.S. 899, 907-08 (2024) (*citing Harisiades v. Shaughnessy*, 342 U.S. 580, 588-91 (1952) ("Congress may delegate to executive officials the discretionary authority to admit noncitizens 'immune from judicial inquiry or interference.'")  *Munoz*, 602 U.S. at 908 (citing *United States ex rel Knauff v. Shaughnessy*, 338 U.S. 537, 543 (1950) ("When it does so, the action of an executive officer 'to admit or to exclude an alien' 'is final and conclusive.'"))

January 25, 2023, and affirmed that denial on June 3, 2025.  Because the agency performed its adjudicative duty, albeit unfavorably to Plaintiffs, no ministerial obligation remains to compel under § 1361.  Moreover, § 236(f) bars any private action challenging the substantive visa denial.  Plaintiffs cannot circumvent this jurisdictional bar through mandamus, which applies only to compel performance of undischarged duties, not to review completed discretionary determinations.  Accordingly, Plaintiffs' mandamus claim is moot, and the motion to dismiss is **GRANTED**.

**IT IS SO ORDERED.**

DATED:   November 4, 2025

**HON. ROGER T. BENITEZ**
United States District Judge